IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James R. Glisson, #285319, ) | C/A No. 5:15-04022-RBH-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden Dennis Bush, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

James R. Glisson ("Petitioner") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 19, 20. On January 7, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the Summary Judgment Motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 21. On March 4, 2016, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment. ECF No. 31. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 20, **be granted**.

I.     Background

When Petitioner filed his Petition he was incarcerated in the Trenton Correctional Institution ("TCI") of the South Carolina Department of Corrections ("SCDC"), ECF No. 1 at 1,

but records indicate that Petitioner is currently confined in the Livesay Correctional Institution of SCDC ("LCI"), ECF No. 11. In 2011, Petitioner was indicted at the May term of the Georgetown County Grand Jury for first-degree burglary (2011-GS-22-492). App. 77-78.[1] On October 24, 2012, Petitioner pleaded guilty before the Honorable Edward B. Cottingham to the lesser charge of second-degree burglary. App. 1-10. During his plea, Attorney Bobby G. Frederick represented Petitioner, and Assistant Solicitor Scott Hixson appeared on behalf of the State. *Id.* Judge Cottingham sentenced Petitioner to four years imprisonment for the reduced charge of second-degree burglary. App. 10. Petitioner did not file a direct appeal of his convictions or sentence.

II.     Procedural History

Petitioner filed an application for post-conviction relief ("PCR") on February 5, 2013, alleging, verbatim, the following claims:

(a) my attorney lied to me about the outcome.
(b) I never talked to my attorney about my case.
(c) I was innocent on the charges, he told me to plea.

App. 12-18. The State filed a Return on April 16, 2013. App. 19-22. Thereafter, a hearing convened on June 20, 2014, before the Honorable Benjamin H. Culbertson. App. 24-68. Petitioner was present and represented by Attorney Tristan M. Shaffer, and Assistant Attorney General Joshua L. Thomas appeared on behalf of the State. *See id.* After the hearing, the PCR court denied and dismissed Petitioner's PCR Application with prejudice in an order filed on September 4, 2014, making the following summaries of evidence and testimony, findings of fact, and conclusions of law:

---

[1] Citations to "App." refer to the Appendix for Petitioner's guilty plea transcript and Post-Conviction Relief ("PCR") Proceedings. That appendix is available at ECF No. 19-1 in this habeas matter.

2

This Court has reviewed the record in its entirety and has heard the testimony and arguments presented at the evidentiary hearing. This Court has further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon their credibility. This Court has weighed the testimony accordingly. Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003).

### A. <u>Summary of Testimony</u>

Plea counsel testified Applicant retained him in October 2011. He recalled meeting with Applicant at least six (6) times. Plea counsel further recalled Applicant had sixteen (16) pending burglary charges alleging he broke into various vacation homes in Georgetown County. Applicant retained plea counsel for all sixteen (16) charges. Plea counsel filed for discovery and received a complete response from the State. He testified he reviewed the discovery response with Applicant. He further testified he discussed with Applicant any potential defenses and what trial strategy they would employ.

Plea counsel also recalled the State initially offered to allow Applicant to enter a plea to all of his pending charges in exchange for a sixteen (16) year sentence. He further testified Applicant rejected the offer and wanted to go to trial. Plea counsel testified he attempted to negotiate a plea offer of ten (10) years to dispose of all charges, but the State refused. Instead, the State offered pleas of fifteen (15) and twelve (12) years to dispose of all charges. Applicant rejected these offers. Plea counsel testified he was prepared for a trial, having hired an investigator, interviewed witnesses, drafted arguments and questions, researched the law, and subpoenaed witnesses

Plea counsel recalled meeting with the presiding judge the morning of the plea. At that time, the State elected to go forward on the charge as a second degree burglary. The presiding judge informed plea counsel he would give Applicant four (4) years if he pled to the second degree burglary without negotiations or recommendations. Plea counsel testified the State still refused to dismiss the remaining charges if Applicant wanted to plea to the second degree burglary without negotiations or recommendations. Plea counsel recalled advising Applicant the other charges would not be dismissed, and would likely be upgraded to first degree burglaries because the plea would result in his second burglary conviction. He also recalled advising Applicant of the constitutional rights he would waive by entering the plea. Plea counsel testified Applicant made the ultimate decision to enter the plea.

Applicant testified he believed the plea he entered would dispose of all but two (2) of his pending charges. Applicant alleged plea counsel claimed he would take care of the other two (2) cases while Applicant was incarcerated. He testified plea

3

counsel also stated the assistant solicitor prosecuting the cases was leaving and the remaining charges would not be enhanced to first degree burglaries. Applicant claimed he would have gone to trial if he had known the other charges would not have been dismissed. Applicant also testified he never heard of a twelve (12) year offer to dispose of all his pending charges. He testified he only met with plea counsel twice and never discussed the case.

Respondent recalled plea counsel to the stand after Applicant rested his case. Plea counsel testified the [sic] discussed the twelve (12) year offer with Applicant and Applicant rejected the offer. He denied he ever told Applicant any other charges would be dismissed in exchange for the four (4) year plea. Instead, he told Applicant he would continue to represent him on the remaining charges. However, plea counsel testified his representation ended after Applicant sent an untruthful disparaging letter to the Supreme Court. At that time, he filed a motion to be relieved, which a circuit judge granted. Plea counsel did recall telling Applicant the assistant solicitor was leaving. However, he further recalled advising Applicant the next solicitor would also likely enhance the remaining charges based on Applicant's plea.

### B. Ineffective Assistance of Plea Counsel

In a post-conviction relief action, the applicant bears the burden of proving the allegations in his application. Butler v. State, 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985) (citing Griffin v. Martin, 278 S.C. 620, 300 S.E.2d 482 (1983)). Where the application alleges ineffective assistance of counsel as a ground for relief, the applicant must prove "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Id. at 442, 334 S.E.2d at 814 (citing Strickland v. Washington, 466 U.S. 668 (1984)).

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Id. (citing Strickland, 466 U.S. at 687; Turner v. Bass, 753 F.2d 342 (4th Cir. 1985); Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977)). Courts presume counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id., (citing Strickland, 466 U.S. at 690). The applicant must overcome this presumption in order to receive relief. Cherry v. State, 300 S.C. 115, 118, 386 S.E.2d 624, 625 (1989).

Courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel. Id. at 117, 386 S.E.2d at 625. First, the applicant must prove counsel's performance was deficient Id. Under this prong, courts measure an attorney's performance by its "reasonableness under prevailing professional norms." Id. (citing Strickland, 466 U.S. at 688). Second, any deficient performance must have

prejudiced the applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" Id. at 117-18, 386 S.E.2d at 625. With respect to guilty plea counsel, the applicant must show there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The Court finds Applicant failed to meet his burden of proving plea counsel ineffective for failing to properly advise him of the consequences of his plea. The Court finds plea counsel's testimony credible and Applicant's testimony wholly not credible. The Court further finds plea counsel adequately conferred with Applicant, conducted a proper investigation, and was thoroughly competent in his representation.

The Court is not persuaded Applicant did not have a full understanding of the consequences of his plea. Plea counsel explained to Applicant the remaining charges would not be dismissed by the plea and would likely be enhanced. The presiding judge informed Applicant the remaining charges would be subject to being called for trial (Plea Tr. 7:4-6). The record likewise reflects Applicant was informed at the plea the remaining charges could be enhanced to first degree burglaries. (Plea Tr. 7:14-18). Accordingly, Applicant's allegation he believed the remaining charges would be dismissed is without merit. See, e.g. Wolfe v. State, 326 S.C. 158, 164, 485 S.E.2d 367, 370 (1997) (any possible misconceptions about terms of plea cured by colloquy at guilty plea hearing).

Furthermore, the Court is not persuaded Applicant did not have a full understanding of the rights he waived when entering the plea. Plea counsel properly advised Applicant of the nature of the charges against him. They discussed any possible defense to the charges. In fact, plea counsel was prepared to call witnesses in Applicant's defense if Applicant had proceeded with the trial. Instead, Applicant chose to plead guilty. The record reflects Applicant voluntarily entered his plea with a full understanding of the nature of his plea. See Dalton v. State, 376 S.C. 130, 137-38, 654 S.E.2d 870, 874 (Ct App. 2007) ("A guilty plea is a solemn, judicial admission of the truth of the charges against an individual; thus, a criminal inmate's right to contest the validity of such a plea is usually, but not invariably, foreclosed. Therefore, statements made during a guilty plea should be considered conclusive unless a criminal inmate presents valid reasons why he should be allowed to depart from the truth of his statements." (citations omitted)). Accordingly, the Court finds Applicant has not shown plea counsel was deficient in any way nor that he was prejudiced by plea counsel's performance.

## C. All Other Allegations

5

> As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this order, the Court finds Applicant failed to present any evidence regarding such allegations. Accordingly, the Court finds Applicant has abandoned any such allegations.
>
> **IV. CONCLUSION**
> Based on the foregoing, the Court finds and concludes Applicant has not established any constitutional violations or deprivations that would require this Court to grant his application. Therefore, this application for post-conviction relief must be denied and dismissed with prejudice.
>
> The Court notes Applicant must file and serve a notice of appeal within thirty (30) days from PCR counsel's receipt of written notice of entry of judgment to secure the appropriate appellate review. See Rule 203, SCACR. Pursuant to Austin v. State, 305 S.C. 453, 409 S.E.2d 395 (1991), Applicant has a right to appellate counsel's assistance in seeking review of the denial of post-conviction relief. Rule 71.1(g), SCRCP, provides that if Applicant wishes to seek appellate review, PCR counsel must serve and file a notice of appeal on Applicant's behalf. Applicant is directed to South Carolina Appellate Court Rule 243 for appropriate procedures for appeal.
>
>     **IT IS THEREFORE ORDERED**:
>
> 1. The Application for Post-Conviction Relief is denied and dismissed with prejudice; and
>
> 2. Applicant must be remanded to the custody of the Department of Corrections to complete service of his sentence.

App. 70-76. Petitioner filed a Notice of Appeal with the South Carolina Supreme Court on October 16, 2014. ECF No. 19-4. Appellate Defender Tiffany L. Butler filed a *Johnson* Petition for Writ of Certiorari on Petitioner's behalf, ECF No. 19-5, and raised the following issue:

> Did the PCR judge err by finding counsel provided effective representation where Petitioner wanted a plea bargain of a concurrent ten-year sentence in exchange for pleading to all of his second degree burglary charges, but counsel advised Petitioner to plead guilty to only one burglary charge, since Petitioner was sentenced to four years' imprisonment, and the State used that burglary conviction to enhance some of the remaining burglaries to first degree, which were still pending at the time of the guilty plea?

Additionally, Petitioner filed a pro se response to the *Johnson* Petition on May 26, 2015. ECF No. 19-6. The South Carolina Supreme Court denied the Petition for Writ of Certiorari on July 23, 2015. ECF No. 19-7, and the court issued the Remittitur on August 10, 2015. ECF No. 19-8.

III.   Discussion

   A. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed

by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    B.  Subject Matter Jurisdiction

Respondent argues that this court does not have subject matter jurisdiction to consider Petitioner's allegations concerning his conviction for second-degree burglary because he was no longer "in custody" pursuant to 28 U.S.C. § 2254(a) when he filed his habeas Petition. ECF No. 19. The undersigned agrees.

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). 28 U.S.C. § 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

It is Respondent's position that though Petitioner is in the custody of the State of South Carolina, he is not in custody pursuant to the conviction or sentence that is under attack in his habeas petition. ECF No. 19 at 8.  Respondent argues that "custody" is a jurisdictional pre-requisite of a habeas action. *Id.* (citing *Maleng v. Cook*, 490 U.S. 488 (1989)).

This petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be dismissed because the court lacks subject matter jurisdiction. As indicated in 28 U.S.C. § 2254(a), for a

8

federal court to grant habeas relief the petitioner must be "in custody pursuant to the judgment of a State court." In *Maleng*, the Supreme Court held that federal courts lack jurisdiction to consider a habeas petition challenging a sentence which has fully expired when the petition is filed. 490 U.S. at 490-91 (holding petitioner was not "in custody" under his 1958 sentence that had expired). There, the Court found it had "never extended [the 'in custody' requirement] to the situation where a habeas petitioner suffers no present restraint from a conviction." *Id.* at 492; *see also Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) ("Similarly, Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions."); *Graves v. McCall*, No. CA 1:13-2866-RMG, 2015 WL 846525, at *6 (D.S.C. Feb. 25, 2015) *appeal dismissed*, 620 F. App'x 164 (4th Cir. 2015) (dismissing petitioner's habeas petition for lack of subject matter jurisdiction where "[p]etitioner completed service of his sentence for the strong arm robbery conviction on November 18, 2005, and for the voluntary manslaughter conviction on December 12, 2005, [and] [t]herefore, [was] not in custody with respect to those convictions").

In this case, current prison records from the Richland County, South Carolina Central Office Inmate Records indicate that Petitioner began serving his sentence for the 2011 second-degree burglary conviction on December 20, 2010. ECF No. 19-2. Prison records also indicate that Petitioner's sentence expired on April 1, 2013. ECF No. 19-3 at 1.[2] It appears Petitioner is currently incarcerated for convictions pertaining to a 2014 second-degree burglary charge and two 2012 first-degree burglary charges. ECF No. 23.

---

[2] Prison records also indicate that Petitioner was released on April 1, 2013. ECF No. 19-3 at 1.

In the pending habeas Petition, the crux of Petitioner's habeas argument concerns the details of his 2011 plea and whether he was accepting a plea deal for one count of first-degree burglary or multiple counts. *See* ECF No. 1-1. In Ground One and Two, Petitioner specifically alleges he "was denied his sixth amendment right to effective assistance of counsel and did not knowingly, intelligently or voluntarily enter his guilty plea." *Id.* at 1. Based on the plain reading of 28 U.S.C. § 2254 and Supreme Court holdings interpreting this statute, the undersigned recommends that the court dismiss Petitioner's habeas action for lack of subject matter jurisdiction because he is no longer "in custody" pursuant to the 2011 second-degree burglary plea that is the subject of his habeas Petition. Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 20, be granted. The undersigned makes no recommendation or finding outside subject matter jurisdiction.[3]

---

[3] To the extent the district court finds that Petitioner is alleging that his 2011 plea was used to enhance later criminal sentences, the undersigned recommends finding the 2011 conviction conclusively valid. *Lackawanna*, 532 U.S. at 403-04 (internal citation omitted) ("[W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.")

IV.     Conclusion and Recommendation

Wherefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 20, be GRANTED.

IT IS SO RECOMMENDED.

March 30, 2016                                                        Kaymani D. West
Florence, South Carolina                                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

11