UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| James R. Glisson, Jr., | ) | Civil Action No.  5:15-cv-04022-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Dennis Bush, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner James R. Glisson, Jr., a state prisoner proceeding pro se, initiated this action by filing

a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See* ECF No. 1.  Respondent

subsequently filed a motion for summary judgment.  *See* ECF No. 20.  The matter is before the Court

for review of the Report and Recommendation (R & R) of United States Magistrate Judge Kaymani D.

West.[1]  *See* R & R, ECF No. 33.  The Magistrate Judge recommends that the Court grant Respondent's

motion for summary judgment and dismiss Petitioner's habeas petition for lack of subject matter

jurisdiction.  R & R at 1, 10.  Petitioner has filed timely objections to the R & R.  *See* Pet.'s Objs., ECF

No. 35.

### Standard of Review

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's

recommendation has no presumptive weight, and the responsibility to make a final determination

remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court must conduct a

de novo review of those portions of the R & R to which specific objections are made, and it may accept,

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the

---

[1]      This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule
73.02(B)(2)(c) for the District of South Carolina.

matter with instructions.  28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

### Discussion[2]

The Magistrate Judge recommends the Court dismiss Petitioner's § 2254 petition for lack of subject matter jurisdiction because he is no longer "in custody" for the conviction (a 2011 guilty plea conviction for second-degree burglary) that is the subject of his petition.  *See* R & R at 8-10.  The Magistrate Judge relies on Petitioner's state prison records that indicate he began serving his four-year sentence for the 2011 conviction on December 20, 2010, and that indicate this sentence expired on April 1, 2013.  *Id.* at 9 (citing SCDC Prison Records, ECF Nos. 19-2 & 19-3).

Petitioner presents two primary arguments in his objections to the Magistrate Judge's R & R. First, he argues he was incarcerated at the time he filed his petition and "was never not incarcerated." Pet.'s Objs. at 1-2.

An individual must be "in custody" to be eligible for federal habeas corpus relief. *See* 28 U.S.C.

---

[2]    The Court incorporates by reference the applicable procedural history and relevant law set forth in the Magistrate Judge's R & R.

§ 2254(a); *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986). Moreover, at the time a habeas petitioner files his petition in federal court, the petitioner must be in custody under the conviction or sentence being challenged. *Maleng*, 490 U.S. at 490-91. A person who files a habeas petition after he has fully served his sentence is not in custody for purposes of a federal district court's subject matter jurisdiction. *Wilson v. Flaherty*, 689 F.3d 332, 339 (4th Cir. 2012).

Although Petitioner is currently incarcerated in the South Carolina Department of Corrections and thus in the custody of the State of South Carolina,[3] he is not "in custody" *for the conviction—the 2011 guilty plea conviction for second-degree burglary—that is the subject of his petition*. Petitioner's sentence for his 2011 conviction expired more than two years before he filed his § 2254 petition,[4] and therefore he cannot satisfy the "in custody" jurisdictional requirement for a federal habeas case under 28 U.S.C. § 2254. This Court lacks subject matter jurisdiction over Petitioner's habeas action because he is not in custody for the challenged state court judgment, and the petition warrants dismissal on this ground. Accordingly, the Court rejects Petitioner's first argument.

Petitioner's second argument relates to the Magistrate Judge's finding that he cannot challenge his 2011 conviction on the basis that it was used to enhance the sentences imposed for his subsequent convictions. *See* Pet.'s Objs. at 1; R & R at 10 n.3. As the Magistrate Judge found, and as the United States Supreme Court has ruled, this Court does not have subject matter jurisdiction merely because Petitioner seeks to attack the collateral consequence—sentence enhancement—of his 2011 conviction.

---

[3]    Petitioner is currently incarcerated for convictions that are not the subject of his § 2254 petition. Specifically, he is serving time for a 2014 second-degree burglary charge (for which he pled guilty and received a seven-year sentence) and for two 2012 first-degree burglary charges (for which he pled guilty to lesser-included offenses of second-degree burglary and received concurrent fifteen-year sentences). *See* Indictments & Sentencing Sheets, ECF No. 23.

[4]    In his § 2254 petition, Petitioner declared under penalty of perjury that his petition was placed in the prison mailing system on September 25, 2015. *See* ECF No. 1 at 15.

3

*See Maleng*, 490 U.S. at 492 ("The question presented by this case is whether a habeas petitioner remains 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not."). Accordingly, the Court rejects Petitioner's second argument.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### Conclusion

The Court has reviewed the entire record, including the Magistrate Judge's R & R and Petitioner's objections, and considered the applicable law. The Court has conducted a de novo review of the R & R, and it finds no merit in Petitioner's objections. For the reasons stated in the Court's order and in the Magistrate Judge's R & R, the Court overrules Petitioner's objections and adopts and incorporates the R & R [ECF No. 33] by reference.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment [ECF No.

4

20] is **GRANTED** and that Petitioner's habeas petition is **DISMISSED WITH PREJUDICE.  IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

      **IT IS SO ORDERED.**


Florence, South Carolina                                   s/ R. Bryan Harwell
July 22, 2016                                                R. Bryan Harwell
                                                          United States District Judge